Edmund J. LEWIS and Edmund J. Lewis, M.D. & Associates Defined Benefit Pension Trust, Plaintiffs–Appellants,

v.

LONG GROVE TRADING COMPANY, et al., Defendants–Appellees.

Nos. 92–3227, 92–3791.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 8, 1993.

Decided Jan. 3, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied Jan. 28, 1994.

Lawrence R. Samuels, Patrick J. Ahern (argued), Robert J. Pristave, Ross & Hardies, Chicago, IL, for plaintiffs-appellants.

Clifford E. Yuknis (argued), Tami J. Diamond, Barry B. Gross, Shefsky & Froelich, Chicago, IL, for Long Grove Trading Co.

Edward M. Kay (argued), James T. Ferrini, Susan Condon, Richard M. Kaplan, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, for Much, Shelist, Freed, Denenberg, Ament & Eiger.

Stephen Novack, Donald A. Tarkington (argued), Novack & Macey, Chicago, IL, for Schwartz & Freeman.

Before POSNER, Chief Judge, and BAUER and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

This is one among many actions pending when *Short v. Belleville Shoe Manufacturing Co.,* 908 F.2d 1385 (7th Cir.1990), overruled cases that had used state law as the source of the period of limitations for securities actions under § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and the SEC's Rule 10b–5, 17 C.F.R. § 240.10b–5. *Short* held that federal law supplies the period of limitations: one year from discovery of facts that would induce a reasonable person to inquire into the possibility of fraud, and in no event more than three from the sale. After the Supreme Court confirmed our conclusion that federal law governs, see *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson,* — U.S. —, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991); cf. *Tregenza v. Great American Communications Co.,* 12 F.3d 717 (7th Cir. 1993) (concluding that the one-and-three-year periods selected in *Short* and *Lampf* are functionally identical); Congress amended the statute to limit the retroactive effect of the Supreme Court's decision, using a formula that locks in the effects of prior appellate rulings. A new § 27A of the '34 Act, 15 U.S.C. § 78aa–1(a), provides that "[t]he limitation period for any private civil action implied under section [10(b) of the '34 Act] that was commenced on or before June 19, 1991, shall be the limitation period provided by the laws applicable in the jurisdiction, including principles of retroactivity, as such laws existed on June 19, 1991." June 19, 1991, is the day before *Lampf,* but after *Short.* So we must apply *Short* to this case, together with this circuit's principles of retroactivity. See *Pommer v. Medtest Corp.,* 961 F.2d 620, 627–28 (7th Cir.1992).

One week after *Lampf,* the district court concluded that *Short* bars all claims against three of the defendants. *Lewis v. Hermann,* 775 F.Supp. 1137 (N.D.Ill.1991). The court reaffirmed this conclusion both before, 783 F.Supp. 1131 (1992), and after, 1992 WL 57939, 1992 U.S.Dist.LEXIS 3547, the enactment of § 27A. Later the court entered a judgment under Fed.R.Civ.P. 54(b), severing these three defendants from the others, who have settled with the plaintiffs. Since then we have decided several cases that collective-ly vindicate the district court's conclusion: *McCool v. Strata Oil Co.,* 972 F.2d 1452, 1457–63 (7th Cir.1992); *Eckstein v. Balcor Film Investors,* 8 F.3d 1121 (7th Cir.1993); *Ferguson v. Roberts,* 11 F.3d 696 (7th Cir. 1993). These cases hold that *Short* applies to pending suits unless the plaintiff relied on the prior law. Reliance may take several forms: consenting to the dismissal of an action that would have been timely (*McCool,* 972 F.2d at 1459); filing in a district court of the seventh circuit rather than in a place that under § 27A must use a longer period of limitations (*Eckstein,* 8 F.3d at 1128–1129); even, we suppose, sitting on one's duff while believing that state law allows extra time. But there must be *some* kind of reliance in the particular case; we do not understand *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), which supplied the retroactivity analysis until June 20, 1991, when the Supreme Court decided *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), to require or permit categorical decision. The plaintiff must prove reliance rather than ask the court to assume that there must have been some form of reliance. "Even under the collapsed *Chevron Oil* analysis ... the plaintiffs must come forth with evidence that they relied on pre-*Short* law." *Ferguson,* 11 F.3d at 701. The district court concluded that plaintiffs have not offered such evidence.

■ Edmund J. Lewis, a physician, established a pension plan for himself and his employees. Richard C. Hermann, the trustee of the pension fund, invested part of its assets in five real estate limited partnerships of which Hermann was the general partner. The investment was questionable on two grounds in addition to Hermann's conflict of interest: the investments left the plan under-diversified, and real estate partnerships are unsuitable to pension funds. A large fraction of the return from such partnerships comes in tax benefits; yet a pension fund, which is not taxed, has no use for such benefits and so is better off with high-income investments for which its tax shield provides an advantage. Hermann invested in five real estate partnerships for the account of the pension plan: La Villita Investors Beta in 1981, Met-

ro Partners in 1984, Houston Land Investors Ltd. and Pueblo Villas Investors in 1985, and Metro Uptown Investors Ltd. in 1986. None of these partnerships has returned substantial income to the pension plan. In June 1989 Lewis and the pension trust (collectively Lewis) began this securities action against Hermann, Charles J. Richards, and entities affiliated with them. In June 1990 Lewis amended the complaint to add three more defendants: Long Grove Trading Company (the broker-dealer through which Hermann purchased the interest in Houston Land); Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C. (a law firm that provided advice to Metro Uptown in the drafting of its offering circular); and Schwartz & Freeman (a law firm that provided advice to Metro Partners in the drafting of its offering circular). According to the complaint, the three new defendants aided and abetted the wrongs committed by the partnerships, Richards, Hermann, and the other defendants. These three defendants prevailed under *Short.*

As Lewis narrates events, he did not discover (or even suspect) wrongdoing until 1988 and 1989, when he first received notices informing him that the partnerships were in financial distress, and he sued promptly. If this is so, however, then it is hard to see how he could have relied on pre-*Short* law. One might imagine an argument that reliance on the longer period provided by Illinois law (three years from discovery, with a maximum of five years from the initial sale) induced an investor to conduct a more leisurely investigation, or even to relax in the belief that there was ample time to file. But this is not how Lewis describes his own conduct, and with respect to Long Grove Trading and Schwartz & Freeman it is not even a potential explanation. "Reliance" must mean some act or omission that causes an investor who *could* have sued within the one-and-three-year period provided by federal law to wait until after that time has expired. Yet the three-year periods of repose for the Metro Partners and Houston Land transactions expired in 1987 and 1988—in each case before Lewis claims to have discovered the existence of a wrong. No reliance on the former law is conceivable in such cases, and there is accordingly no reason not to use the one-and-three-year period that federal law prescribes.

The Metro Uptown transaction occurred in August 1986, and Lewis filed suit just short of three years later. His best claim of reliance therefore would have been that, had he recognized the applicability of federal law, he would have conducted a quicker investigation enabling him to name Much Shelist in the original complaint. The district court invited Lewis to make an argument along these lines; Lewis declined. He did not file an affidavit or offer any other evidence—or, indeed, any argument—setting out a theory of detrimental reliance on a belief that time to sue still remained. Instead his lawyer asked the district court to infer that *all* victims of securities fraud *must* have relied, in one way or another, on the law predating *Short.* It is not plausible empirically: many persons (indeed, many lawyers) are simply unaware of the duration of the period of limitations. At all events, the position is not so much a theory of reliance as it is a plea to dispense with a role for reliance. In other words, Lewis asked the district court to hold that *Short* never applies to suits filed before July 30, 1990, the day that opinion was released. In holding, to the contrary, that the plaintiff must prove reliance rather than hope for pure prospectivity, the district court anticipated *McCool, Eckstein,* and *Ferguson.* Lewis's appellate briefs do not articulate a theory of reliance, let alone point to evidentiary support. All defendants therefore were entitled to summary judgment.

AFFIRMED.